# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SERAPH CONSULTING, INC.,

     Plaintiff,

v.

COMMERCIAL VEHICLE GROUP, INC.,

     Defendant.

Case No. 2:25-cv-01560-APG-NJK

**Order**

[Docket No. 18]

Pending before the Court is the parties' stipulation to extend case management deadlines by 60 days.  Docket No. 18.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing."  *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed."  *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).  The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue.  *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

In the instant stipulation, the parties fail to provide the dates on which discovery was completed; therefore, the Court is unable to assess their diligence in conducting discovery to date. Docket No. 18 at 2-3; *see also* LR 26-3 (A motion or stipulation to extend a discovery deadline or to reopen discovery must include: (a) A statement specifying the discovery completed"). Further, the parties fail to state with specificity the discovery that remains to be completed. Docket No. 18 at 3.

Nonetheless, as a one-time courtesy to the parties and in the interest of deciding this case on its merits, the Court **GRANTS** the stipulation. Docket No. 18. Case management deadlines are **RESET** as follows:

- Discovery cutoff: June 16, 2026
- Dispositive motions: July 17, 2026
- Joint proposed pretrial order: August 17, 2026, or 30 days after resolution of any dispositive motion

IT IS SO ORDERED.

Dated: March 25, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).